FILED
2021 Sep-16  PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

TYRICKA LAVERNE CALLOWAY,    )
                             )
      Petitioner,            )
                             )
v.                           )     Case No. 4:19-cv-00588-KOB-SGC
                             )
SHERIFF BLAKE DORNING, *et al.*,  )
                             )
      Respondents.           )

### MEMORANDUM OPINION

The magistrate judge entered a report on June 21, 2021, recommending this petition for a writ of habeas corpus be denied as time-barred and dismissed with prejudice and that a certificate of appealability be denied.  (Doc. 24).  The magistrate judge further recommended the petitioner's motions for an evidentiary hearing, discovery, and appointment of counsel be denied.  (Doc. 24 at 16-18) (citing Doc. 1 at 38; Doc. 19; Doc. 21; Doc. 22).  Calloway filed objections on August 30, 2021. (Doc. 29).

Calloway argues he is unable to prepare and file meaningful objections to the report and recommendation due to his *pro se* status and inadequate access to legal resources at the Madison County Jail (*i.e.*, he does not have access to a law library and legal materials).  (Doc. 29 at 1-2).  However, as previously stated by the magistrate judge, these conditions are unlikely to change in the immediate future.

(Doc. 28 at 1).  Calloway's objections, comprising 15 pages, clearly demonstrate his capability of formulating an articulate response to the report, complete with citations to supporting legal authorities.  (Doc. 29 at 1-15).  Further, within the objections, Calloway repeatedly states he has been studying the basis for his claims for approximately 20 years.  Therefore, the court **OVERRULES** Calloway's objection that his *pro se* status and inability to currently access legal materials deprive him of access to the courts.

Calloway's remaining objections focus on the recommended denial of his request for discovery and an evidentiary hearing related to his claim that medical records from the Callahan Eye Foundation Hospital and the testimony of co-defendant Coats are newly discovered evidence demonstrating his actual innocence of the attempted murder of Massey.  (Doc. 29 at 2-14).  Calloway repeats that the records will show the wound to Massey's face was caused by his co-defendant's shotgun, not the .25 caliber handgun he used in the altercation.  (Doc. 29 at 9, 12-13).  Calloway also repeats that the victim erroneously testified at trial that Calloway shot him in the face with the .25 caliber handgun and that his co-defendant admitted shooting Massey with a shotgun.  (Doc. 29 at 2-12).  Calloway declares the medical records are exculpatory and impeachment evidence that a prosecutor did not produce at his 1995 trial, while admitting that testimony concerning Massey's transfer to the Callahan Eye Foundation Hospital was admitted at trial.  (Doc 29 at 3-4). *See State*

*of Alabama v. Tyricka Lavern Calloway*, 31-CC-1994-000016.64 at Doc. 1 at 22. Calloway proclaims he has diligently but unsuccessfully sought those records for many years.  (Doc. 29 at 3-4).  Based on the foregoing, Calloway declares he has demonstrated extraordinary circumstances entitling him to equitable tolling of the limitations period, discovery, and an evidentiary hearing on his actual innocence claim.  (Doc. 29 at 3-10).

After careful review of the entire record, the magistrate judge's report and recommendation, and Calloway's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendations. Calloway's protests that the medical records and his co-defendant's testimony are newly discovered evidence are unavailing.  Calloway was aware or should have been aware of this evidence since the mid-1990s.  The evidence is not newly discovered, nor is it reliable.  As such, the court finds Calloway is not entitled to equitable tolling; his allegations of actual innocence are not credible. Calloway's claim is, therefore, time-barred by more than 20 years.

In accordance with the recommendation, the court concludes the petition for a writ of habeas corpus is due to be denied as time-barred and dismissed with prejudice.  The court further concludes Calloway's motions for an evidentiary hearing, discovery, and appointment of counsel (Doc. 1 at 38; Doc. 19; Doc. 21; Doc. 22) are due to be denied.

Finally, the court concludes a certificate of appealability is due to be denied. This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The court finds Calloway has failed to make the requisite showing.

The court will enter a separate Final Order.

DONE and ORDERED this 16th day of September, 2021.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

4